Gaylor v. McLaughlin, et al.          CV-03-337-B    11/19/03

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

**Dorothy Gaylor, et al.**

    **v.**                                    Civil No. 03-337-B
                                      2003 DNH 206
**Phil McLaughlin, et al.**


**O R D E R**

Plaintiffs Dorothy Gaylor, William Gaylor, and Richard

Gaylor ("plaintiffs") are the parents and brother of convicted

felon, Gregory Gaylor ("Gaylor"). After Gregory Gaylor absconded

during his criminal trial, state officials placed a notice on the

internet seeking information concerning his whereabouts. The

notice identified plaintiffs' familial relationships to Gaylor

and listed their names, addresses, home telephone numbers and

Texas drivers license numbers. [1] Plaintiffs complain that

defendants' disclosure of their personal information violated

their constitutional right to privacy and the Driver's Privacy

Protection Act ("DPPA"), 18 U.S.C. § 2721, et seq. They also

---

[1] Plaintiffs assert that defendants also disclosed their
Social Security numbers. However, the notice, which plaintiffs
attached to their complaint, lists only Gaylor's Social Security
number.

assert state law claims for defamation and invasion of privacy. Defendants have moved to dismiss.

## I.  CONSTITUTIONAL CLAIM

Plaintiffs have failed to state a viable claim that defendants' disclosure of their names, home addresses, and telephone numbers violated their constitutional right to privacy.[2] Even if I assume that plaintiffs had a legitimate expectation that this information would remain private — an assumption that is difficult to make in the modern world in which such information is readily available from non-governmental sources — defendants' decision to disclose the information cannot support a right to privacy claim because it was narrowly tailored to serve the state's legitimate interest in apprehending  a fugitive.  See, e.g., A.A. ex rel. M.M. v. New Jersey, 341 F.3d 206, 211-12 (3d Cir. 2003) (governmental interest in disclosing name and address of sex offender).  While drivers license numbers are not readily available from non-governmental sources and it is

_____

[2] Plaintiffs do not base their claim on defendants' disclosure of their familial relationships to Greg Gaylor.  If they has asserted such a claim, it would fail for the same reason.

-2-

not clear how the disclosure of the numbers furthered defendants' effort to apprehend Gaylor, their decision to disclose the information does not give rise to a constitutional claim because a drivers license number is not the kind of deeply personal information that the right to privacy was intended to protect from public disclosure. See Rowe v. Burton, 884 F. Supp. 1372, 1384 (D. Alaska 1994).

## II. DRIVER'S PRIVACY PROTECTION ACT CLAIM

Plaintiffs' DPPA claim fails because defendants were engaged in a legitimate law enforcement activity when they disclosed the information that they allegedly obtained from motor vehicle records. The DPPA provides that personal information obtained from motor vehicle records may be disclosed "[f]or use by any government agency, including any court or law enforcement agency, in carrying out its functions . . . ." 18 U.S.C. § 2721(b)(1). The disclosure that occurred in this case plainly qualifies under this exception as defendants disclosed the information in furtherance of a lawful effort to apprehend a fugitive.

### III. __STATE LAW CLAIMS__

Plaintiffs claim that the internet notice defamed them and wrongly placed them in a false light because it created a false impression that they had been engaged in criminal activity. I reject these claims because the notice could not be read by any reasonable person to imply that plaintiffs had been engaged in criminal activity. Instead, the only reasonable way to read the notice is to understand it to assert that plaintiffs are the parents and brother of a wanted felon, a fact that plaintiffs concede is true.

### IV. __CONCLUSION__

Defendants' motion to dismiss (doc. no. 3) is granted.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

November 19, 2003

cc: Dorothy Gaylor, pro se
    Richard Gaylor, pro se
    William Gaylor, pro se
    Andrew Livernois, Esq.